LANNIE ESTON LANGFORD, Appellant,

*v.*

BEULAH ELIZABETH LANGFORD, Appellee.

421 S.W.2d 632.

(*Nashville,* December Term, 1966.)

Opinion filed November 24, 1967.

Roberts & Roberts, Livingston, and Langford & Langford, Cookeville, for appellant.

Millard V. Oakley, Livingston, for appellee.

Mr. Justice Dyer delivered the opinion of the Court.

This case comes to this court from the Chancery Court of Overton County having been disposed of by the Chancellor upon demurrer. The controversy arises out of a

divorce action and in this opinion Lannie Eston Langford will be referred to as "husband" and Beulah Elizabeth Langford as "wife."

The facts necessary to note are as follows: The General Sessions Court of Overton County has concurrent jurisdiction with circuit and chancery courts in all matters relating to divorce. The husband filed his original bill in this General Sessions Court seeking an absolute divorce and approval of a property settlement entered into by the husband and wife. The wife filed an answer and cross-bill seeking a divorce only from bed and board and, alleging the property settlement was inequitable, prayed for a just distribution of the property. Upon the hearing the trial judge, being of the opinion justice demanded the parties have an absolute divorce, sustained the husband's bill insofar as it sought an absolute divorce. The trial judge, being of the opinion the property settlement did not do substantial justice to the parties, ordered all the property, real and personal, be equally divided between the parties. To effect this end a one half undivided interest in certain property, real and personal, owned by the husband was divested out of the husband and vested in the wife; also a one half undivided interest in certain real estate was vested out of the wife and vested in the husband. No appeal was ever perfected from this decree.

The wife, claiming title to a one half undivided interest in the property upon a final decree in the General Sessions Court, filed a partition suit in the chancery court. The husband, in answer to the partition suit, alleged the General Sessions Court, having granted a divorce upon the husband's bill, was without jurisdiction to divest property, or any interest therein, out of him

and vest same in the wife; and this decree insofar as it attempts to do so is void. In support of this position the husband cites *Brown v. Brown,* 198 Tenn. 600, 281 S.W.2d 492 (1955). We agree under the *Brown* case when a court awards the husband a divorce the court has no jurisdiction to award the wife alimony; but this is not controlling in the case at bar.

■ The General Sessions Court of Overton County, having been given concurrent jurisdiction with the circuit and chancery courts in matters relating to divorce, is, when acting in this area of the law, a court of general jurisdiction. We would then presume this Court of General Sessions took every preliminary step necessary to the validity of this decree. The General Sessions Court found as follows:

> It appears to the Court that the property owned by the complainant (husband) and cross-complainant (wife) is the product of some years of the toil of both and that a substantial portion of the property was paid for by the cross-complainant.

This being true, the decision in this case is controlled by T.C.A. 36-825, which is as follows:

> In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, in its discretion, adjust and adjudicate the respective rights and interests of the parties in all jointly owned property, so as to preserve for each or either party, that portion of such jointly owned property as may be just and reasonable under the facts and circumstances of the case, regardless of how the court may grant or refuse to grant relief in such case; and to this end the court shall be empowered to effectuate its decree by

divesting and reinvesting title to such property and, where deemed necessary, to order a sale of such property and to order the proceeds divided between the parties.

Under this Code section, applying only to jointly owned property, the court in division of property in a divorce action has jurisdiction to do what ''may be just and reasonable under the facts and circumstances of the case'' and such is true regardless of which party obtains the divorce absolute or otherwise. The determination of jointly owned property within the meaning of this Code section is a question of fact and the court making such determination is not held to the record title. If a court were held to the record title it is very probable in many cases the court, due to the record title, could not do what would be ''just and reasonable.''

In the case at bar the General Sessions Court found all the property owned by the husband and/or the wife was accumulated by their joint efforts over a period of some years while they were husband and wife. This is a finding the property was jointly held property within the meaning of T.C.A. sec. 36-825. A just and reasonable division of property under this Code section is not an award of alimony.

The judgment is affirmed and the cause remanded.

BURNETT, CHIEF JUSTICE, CHATTIN, JUSTICE, and HARBISON, SPECIAL JUSTICE, concur.

CRESON, JUSTICE, dissenting.