SAM LEWIS MITTWEDE, Complainant-Appellant, v.
JUDITH ELLEN DAUGHTREY MITTWEDE,
Defendant and Cross-Complainant-Appellee.
—448 S.W.2d 440.

Middle Section.   June 27, 1969.

Certiorari Denied by Supreme Court December 1, 1969.

512

Edward Witt Chandler, Memphis, for complainant-appellant.

Bomar, Shofner, Bomar & Irion, Shelbyville, for defendant and cross-complainant-appellee.

SHRIVER, P.J.(M.S.). This case comes to the Court of Appeals by Writ of Error from the Circuit Court of Bedford County where the complainant-appellant, Sam Lewis Mittwede, filed an original bill for divorce, charging cruel and inhuman treatment on the part of his wife, the defendant-appellee, Judith Ellen Mittwede.

The defendant filed her answer and cross-bill wherein she prayed for separate maintenance and child support, along with the custody of the minor son of the parties, John Carl Mittwede, who was born June 13, 1965.

Subsequently, the cross-bill was amended so as to pray for an absolute divorce from the husband and for alimony and support for the minor child.

The case was tried before Judge William S. Russell and resulted in an opinion and decree wherein the prayers of the original bill were denied, the allegations of the cross-bill were sustained and the prayers thereof granted, awarding $200.00 a month as child support, and alimony, including a division of certain of the properties of the parties.

Complainant, Sam Lewis Mittwede, filed his petition to rehear the cause as to child support and the division of the property and alimony which petition to rehear was denied and he thereafter prayed a limited appeal to the Court of Appeals as to all matters except the decree of divorce itself and this was denied on the ground that the prayer for appeal came too late.

Complainant then filed his petition for certiorari and supersedeas in the Court of Appeals and when the matter was heard counsel for complainant moved the Court for leave to file the record for Writ of Error, whereupon, the following order was entered:

"This cause came on to be heard upon the motion of Sam Lewis Mittwede to file the record herein for writ of error; and,

It appearing to the Court that the transcript of the record, assignments of error, brief and argument have been filed within one year of the decree entered August 10, 1968;

It is, therefore, ORDERED that said motion be, and hereby is, granted.

514

ENTER, this 13th day of March, 1969.

/s/ THOS. A. SHRIVER
Presiding Judge"

Thereafter, on March 21, 1969, this Court entered the following order:

"On motion of Sam Lewis Mittwede we have authorized the filing of the Circuit Court record for Writ of Error.

On consideration of the Petition for Writ of Supersedeas filed herein, we deny the issuance of the Writ pending the filing of such further part of the record as Petitioner sees fit to have transmitted to this Court and the presentation of the case on the May 1969 call of the docket.

This March 21, 1969.

/s/ THOS. A. SHRIVER
PresidingJudge"

The case came on on the call of the regular docket of this Court on May 14, 1969 when the attorneys for the respective parties presented oral arguments and have filed briefs in support of their respective positions, counsel for complainant-appellant having filed an exhaustive brief comprising some 196 pages in which he sets forth appellant's contentions and assignments of error.

The case is before us on the technical record alone, there being no bill of exceptions.

■ On further consideration the petition and prayer for Writ of Supersedeas is denied.

Counsel for complainant-appellant in his statement of the case summarizes his position as follows:

"The complainant now brings the case for review by writ of error without bill of exceptions to challenge matters appearing on the face of the technical record and submits that it was serious error on the part of the trial court below to hold that custody of the parties minor child should be awarded to the mother unless this would not be to its best interest because the custody of a child is to be determined by what is in the best interest of the child without favor to either parent or party thereto; that it was serious error for the trial court below to order the complainant to pay third party claims as, alimony *in solido,* or otherwise for the reasons as set out in assignment of error II, III, IV, V, VI and VII; and that it was serious error for the trial court below to award child support in the amount of two hundred ($200.00) dollars per month without a finding of fact that the complainant had the ability to pay such sums or at least appeared to have such ability because the ability to pay is a material fact."

The appellee has moved the Court to dismiss the petition for writ of error and supersedeas on the ground that said petition seeks a review of errors allegedly committed in a suit for divorce and that a writ of error will not lie to review divorce decrees, citing T.C.A. sec. 36-830 which provides:

"In divorce cases, an appeal shall be the only mode of reviewing errors."

This statute was construed and applied in the case of Parmenter v. Parmenter, 40 Tenn. 225, wherein it was said that an appeal is the only mode of reviewing errors

in divorce cases and that a Writ of Error will not lie to review same.

In McBee v. McBee, 48 Tenn. 558, a writ of error was permitted on the ground that it applied to alimony and not to the decree of divorce itself. Appellant responds to the motion by insisting that the review before this court is sought not as to the portion of the decree granting the divorce but as to that portion in which alimony and child custody were decreed.

█ We agree with counsel for the appellant that Writ of Error will lie to review actions of the Court below on questions of alimony and it would appear that in a proper case the question of child custody might likewise be considered on Writ of Error.

In the case at bar we are called upon to review, and by assignments of error, to reverse the Trial Judge in his findings and decree wherein he awarded the wife the custody of the minor child of the parties and awarded her alimony in solido and future support for the child.

█ Counsel for the appellant argues, among other things, that the Trial Court erred in holding that the minor child of the parties should be with its mother in the absence of a showing that it is to its best interest to be with her. He concedes this question is to be determined chiefly on a consideration of what is in the best interest of the child without favor to either parent. From the opinion and decree of the Trial Judge, it is evident that there was such a showing. And, in the absence of a bill of exceptions, we must conclusively presume that there was sufficient evidence to support the Court's decree.

In the final decree the Trial Judge, after reciting that the cause came on to be heard on August 3rd and August

5th, 1968, on oral testimony of witnesses examined in open court and from the deposition of one witness and argument of counsel, the Court took the matter under advisement and subsequently filed a written opinion which was made a part of the final decree, wherein he held that the credible evidence preponderates against the alleged grounds for divorce in the original bill and that the grounds of the cross-bill were made out by a preponderance of the evidence to the effect that the cross-defendant was guilty of such cruel and inhuman treatment or conduct toward his wife as to render it unsafe and improper for them to longer cohabit as man and wife. Among other things, the opinion and decree recites:

"Further, he has kept company socially with a young lady of courtable age, giving her a diamond pendant, taking her to Florida by automobile, taking her to dinner in Murfreesboro and taking the son of the parties during visitations to this girl's home. etc. All this became known to the wife; and certainly, in view of her continuing love for her husband and her desire for a reconciliation, and for many other very natural reasons, this was cruel and inhuman treatment. Absolute divorce will be granted to her accordingly."

The decree recites that the proposition of child custody had been most vigorously litigated and presented a serious question for decision. It then states:

"To summarize the preponderance of credible evidence on this question, it would appear that the mother is morally, physically, mentally and (with the father's help) financially able to care for the child, etc.

＊　＊　＊　＊　＊　＊

This mother will most likely never romp and play with this boy child; but she does love him and will take good care of him.

\* \* \* \* \* \* \*

I am awarding custody of the child to his mother. This adjudication is to be reviewed at the end of twelve months, and the Court anticipates calling on the Department of Public Welfare to review the environment."

The assignments of error directed at the findings and conclusions of the Court with respect to child custody are overruled.

As to alimony the decree recites as follows:

"As alimony in solido, I adjudicate the husband's equity in the house and household goods to the wife. I order him to pay all of the joint debts, including money borrowed upon her life insurance, and the $1200 borrowed by her at Peoples Bank. No periodic alimony is decreed, and it will be necessary that the cross-complainant support herself and help to support the child. He will pay her attorneys a fee which I request counsel to try to agree upon; but in the absence of such agreement, I will set.

Child support in the amount of $200.00 per month will be paid."

Thereafter, the decree spells out in detail the alimony and property division along with a description of the lot in the Seventh Civil District of Bedford County, which was awarded to the wife with orders upon the husband to keep up the payments on the mortgage.

It was argued at length by counsel for appellant, that the Trial Court erred in converting third party claims arising prior to the decree for divorce into alimony and since alimony in solido is solely for the sustenance of the divorced wife after the decree of divorce, the Trial Judge erred in ordering complainant to pay these claims. Furthermore, that these claims were not set out in the pleadings and that, therefore, a decree with respect to them is beyond the scope of the pleadings and coram non judice.

■ We find that the assignments directed at the allowance of alimony and support including the division of property must be overruled in the absence of the evidence upon which the trial judge acted.

It has been held in numerous cases in Tennessee that the amount of alimony to be awarded is largely in the discretion of the Trial Judge and the Appellate Courts are disinclined to review such discretion except in cases of manifest abuse. In support of this proposition see: Raskind v. Raskind, 45 Tenn.App. 583, 325 S.W.2d 617; Smith v. Smith, 47 Tenn.App. 548, 339 S.W.2d 326; and Crouch v. Crouch, 53 Tenn.App. 594, 385 S.W.2d 288.

As was said in Brown v. Brown, 198 Tenn. 600, 281 S.W.2d 492, the Trial Court in awarding alimony does so according to the nature and circumstances of the case.

In Langford v. Langford, 220 Tenn. 600, 421 S.W.2d 632, it was held that the Court in division of property in a divorce action has jurisdiction to do what is just and reasonable under the circumstances of the case regardless of which party obtains the divorce, absolute or otherwise.

From all of the above it results that the Assignments of Error are overruled and the Judgment of the Trial Court is affirmed.

Affirmed.

Puryear and Todd, JJ., concur.