**Margaret Olene Kendrick WELLS, Appellant,**

v.

**Arthur David WELLS, Appellee.**

Court of Appeals of Tennessee, Western Section.

April 14, 1977.

Certiorari Denied by Supreme Court Oct. 11, 1977.

Pierce Winningham, Jr., Jackson, for appellant.

James P. Diamond, Jackson, for appellee.

NEARN, Judge.

Plaintiff, Margaret Wells was awarded a divorce below and a property division was made by the Chancellor. Plaintiff is dissatisfied with the Court's division of the property and has appealed from that portion of the decree only. The marriage dissolved by the Chancellor is the second marriage to each other by the parties.

The Chancellor awarded the plaintiff all the real property of the parties, all the furniture contained in the residence, a 1975 Cadillac automobile, stock in H.F.S. Corporation, A. T. & T. stock which plaintiff obtained while employed at A. T. & T., and all funds in the Tellico Credit Union joint account of the parties. The defendant was ordered to maintain $20,000.00 in life insurance for the benefit of his children and to pay $2,000.00 alimony *in solido* as attorney fees to plaintiff's lawyer.

During this marriage of the parties, the defendant purchased a 49 percent partnership interest in a liquor store. During the pendency of the divorce, defendant sold that interest for the sum of $52,500.00. The Chancellor refused to award plaintiff any part of that sum and that is what this appeal is all about.

In addition to leaving defendant's interest in the $52,000.00 undisturbed, the Chancellor awarded the defendant a 1965 Buick automobile, a 1974 Caprice automobile, a 1968 pickup truck, and 32 shares of A. T. & T. which he obtained while employed by A. T. & T.

It is contended by counsel for appellant that plaintiff is entitled to one-half of the $52,000.00 because the 49 percent partnership interest in the liquor store was acquired by defendant under an express oral trust with the plaintiff being the beneficiary of one-half of defendant's interest. It is argued that the proof will so show.

We concur in the Chancellor's finding that there was no express trust ever intended. The parties materially differed on this point in their testimony and where an issue must be determined solely on credibility of witnesses, an appellate court should not disturb the finding of the trier of that issue who had the opportunity, not afforded us, of observing the manner and demeanor of the witnesses. *Linder v. Little* (1972 Tenn.App., M.S.) 490 S.W.2d 717 and numerous cases cited therein.

Counsel for appellant also argues that if the proof fails in showing an express trust, the Chancellor erred in not finding that defendant held his business partnership interest under either a constructive or resulting trust. This argument is without merit. Constructive or resulting trusts are judge-created trusts or doctrines which enable a court, without violating all rules of logic, to reach an interest in property belonging to one person yet titled in and held by another. In this case the Chancellor could have reached the $52,000.00 held by the defendant by a much more direct route had he cared to do so. See T.C.A. § 36–821 (alimony) or § 36–825 (adjustments of interest in jointly held property).

In his findings of fact, the Chancellor found that:

"___ both parties placed their income into the family budget, . . . During the operation of the Package Store the parties paid the mortgages, which were made for the purchase money for the interest in the Package Store. These payments were made from commingled funds of the parties; however, the Court finds that these obligations were satisfied through earnings from the Package Store and the sale of a parcel of real estate located on Whitehall Street in Madison County. The Whitehall Street property sold for $30,000.00. The Court finds that Mrs. Wells received cash benefits of approximately one-half of the sale price of said real estate. The Court concludes from the evidence that the parties did not intend that Mrs. Wells would be a partner or hold any legal interest in the Package Store. It was conceded by Mr. Wells that all the property owned by each of them was treated as 'their' property. The Court, therefore, concludes that there is no basis to impress any trust upon the proceeds from the sale of the liquor store, but will consider all the properties owned by the parties in making a property settlement between them."

Thus, it may be seen that the Chancellor found partnership interest as well as real property and other interests were accumulated by the joint efforts of the parties while they were husband and wife. This is a finding that the property was jointly held property within the meaning of T.C.A. § 36–825. *Langford v. Langford* (1967) 220 Tenn. 600, 421 S.W.2d 632. The Chancellor was evidently aware of that feature of the law for he first held that plaintiff held no *legal* interest in the package store. He then noted that Mr. Wells conceded that all the property was "their" property; followed by the statement that therefore, there was no need to impress any trust on the liquor store proceeds, as he would consider all the properties in making a property settlement. We believe the Chancellor properly considered the disputed property under T.C.A. § 36–825 as jointly owned property. Simply because he did not award any of the liquor store proceeds to Mrs. Wells does not mean that he felt he was unable to do so. We believe the findings of the Court clearly show that the Chancellor was aware of his powers. He simply did not believe an equitable adjustment required that Mrs. Wells receive any part of the liquor store proceeds.

We concur in the Chancellor's distribution of assets and believe that in this case the Chancery Court did what it was created to do—equity.

All Assignments of Error are overruled and the decree below is affirmed with costs adjudged against appellant and surety.

Done at Jackson in the two hundred and first year of our Independence and in the one hundred and eighty-second year of our Statehood.

CARNEY, P. J., and MATHERNE, J., concur.