DIANE KEE LAZENBY,                    )
                                      )      Wilson County General Sessions
            Plaintiff/Appellee,       )      No.  5216
                                      )
VS.                                   )
                                      )
JAMES ALLAN LAZENBY,                  )      Appeal No.
                                      )      01A01-9708-GS-00432
            Defendant/Appellant.      )

FILED

April 24, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE GENERAL SESSIONS COURT OF WILSON COUNTY
### AT LEBANON, TENNESSEE

### HONORABLE ROBERT HAMILTON, JUDGE

Honorable John T. Gwin
2542 North Mt. Juliet Road
P.O. Box 888
Mt. Juliet, TN 37122
ATTORNEY FOR PLAINTIFF/APPELLEE

Honorable Sidney S. F. Bennett
1225 First American Center
315 Deaderick Street
Nashville, TN 37238
ATTORNEY FOR DEFENDANT/APPELLANT

### AFFIRMED AND REMANDED.

                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE
WALTER W. BUSSART, JUDGE

| DIANE KEE LAZENBY, | ) | |
|---|---|---|
| | ) | **Wilson County General Sessions** |
| Plaintiff/Appellee, | ) | No. 5216 |
| | ) | |
| VS. | ) | |
| | ) | |
| JAMES ALLAN LAZENBY, | ) | **Appeal No.** |
| | ) | **01A01-9708-GS-00432** |
| Defendant/Appellant. | ) | |

# O P I N I O N

In this divorce case, the defendant/husband has appealed from the judgment of the Trial Court granting both parties a divorce as provided by TCA § 36-4-129(b), granting to the plaintiff/wife the custody of the minor child of the parties, with specified visitation by the husband, fixing child support, and dividing the marital estate.

On appeal, appellant presents only the following issues:

1.     The Trial Court erred in its division of marital assets of the parties.

2.     The Trial Court erred in its designation of a $9,000.00 portion of Husband's separate duplex property, as marital property.

The wife states the following issues:

1.     Whether the Trial Court ruled correctly in its division of marital assets of the parties.

2.     Whether the Trial Court ruled correctly in its designation of a $9,000.00 portion of Husband's separate duplex property, as marital property.

3.     Whether the Trial Court erred in its calculation of child support.

4.     Whether the Trial Court erred in its failure to grant Wife her attorney fees at trial.

5.     Whether the Wife should be awarded her attorneys fees incurred on appeal.

The parties have filed identical schedules as required by Rule 15 of the Rules of this Court. A copy of said schedules is appended hereto as Exhibit A. Although not required by the rule, it would be a great convenience to this Court to have the total value of property awarded to each party.

According to the values fixed by the Trial Judge, the wife received $130,765.73; and the husband received $88,244.53. However, within 30 days after the divorce decree, the Trial Court entered the following order:

> This Order is the result of a Motion filed on behalf of the Husband, an answer to the Motion was filed by the Wife and a hearing was had upon this matter wherein it was alleged that a mistake was made in calculating the property division and it is the finding of the Court that the Husband was owed $22,000 as separate property which was invested in the parties marital residence.
>
> Upon the review of the record, it was found by the Court that the $22,000 was not awarded to the Husband. In order to correct the mistake, the Court calculated that the previous Order gave the Husband $6,681 more than the wife. Therefore, the $22,000 would be reduced by that amount leaving a total of $15,319 payable from Wife to Husband. Said amount to be paid within 45 days from the date of this Order.

It appears that the quoted order required the wife to pay the husband $15,319.00 which would reduce the share of the wife from $130,765.73 to $115,446.73 and increase the share of the husband from $88,244.53 to $103,563.53. By this computation, the total marital estate was $219,010.26, of which the wife received 52.7% and the husband received 47.3%.

The husband complains that the Trial Court erred by including in the martial estate a $9,000.00 increase in the value of his separately owned duplex because there is no evidence that the wife contributed to the presentation, maintenance or increase in value of the property. The wife insists that her work as a housewife and homemaker justified her participation in the increased value. It has been held that the services of a homemaker may amount to a contribution to the success and appreciation in the value of a business. *Brown v. Brown*, Tenn. App. 1994,

913 S.W.2d 163. However, the ownership of the duplex was not a business but an investment unconnected with the principal employment of the husband.

An error in including the $9,000.00 in the marital estate is deemed harmless in view of above computation of the percentages of the estate received by each party. TRAP Rule 36(b).

The statute, TCA § 36-4-121 does not require an exactly _equal_ division of the marital estate, but an _equitable_ division. It is usual to award each party approximately one-half of the marital estate. *Evans v. Evans*, Tenn. App. 1977, 558 S.W.2d 851.

In the division of martial property, the court has jurisdiction to do what may be just and reasonable under the circumstances. *Langford v. Langford*, 220 Tenn. 600, 421 S.W.2d 632 (1967).

Trial courts have wide discretion in dividing the marital estate. *Loyd v. Loyd*, Tenn. App. 1993, 860 S.W.2d 409.

No reversible error is found in the valuation or division of the marital estate.

The foregoing disposes of the first and second issues presented by the wife.

The third issue presented by the wife asserts that the Trial Court erred in setting the amount of child support. The decree requires payment of $731.00 per month, based upon an income of $4,925.00 per month. In addition, the husband is required to pay the wife $58.00 per month for health insurance. This makes a total of $4,983 child support.

The wife insist that the gross rental income of the husband should be included in his income for setting child support. This Court does not agree. In view of the mortgage debt which

preceded the debt, the payments thereon, together with expenses of taxes, insurance and maintenance should be allowed to reduce the net "cash-flow" income from the property, which is not found in the record.

The wife cites a confusing series of transactions involving joint funds which do not establish any right of additional recovery by her.

Finally, the wife asserts that she should be awarded attorneys fee by the Trial Court and this Court. The allowance of attorneys fees is largely in the discretion of the trial courts, and the appellate courts will not ordinarily interfere with that discretion. *Houghland v. Houghland*, Tenn. App. 1992, 844 S.W.2d 619. A similar discretion is vested in this Court on appeal. This Court finds no ground for reversal of the judgment of the Trial Court in regard to attorney fee, and, in its own discretion declines to order payment of fee for proceedings in this Court.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant and his surety. The cause is remanded to the Trial Court for further necessary procedure.

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WALTER W. BUSSART, JUDGE

-5-