# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## CYNTHIA JANE HAMPTON-HOOVER v. WILLIAM HENRY HOOVER

**Direct Appeal from the Circuit Court for Davidson County**
**No. 98D-472      Muriel Robinson, Judge**

---

**No. M1999-01922-COA-R3-CV - Decided June 20, 2000**

---

This is an appeal challenging the trial court's classification and distribution of property in a divorce proceeding. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and COTTRELL, JJ., joined.

W. Allen Barrett, Nashville, Tennessee, for the appellant, Cynthia Jane Hampton-Hoover.

D. Scott Parsley, Nashville, Tennessee, for the appellee, William Henry Hoover.

**OPINION**

The parties began living together in 1986 and married in December of 1990. There were no children born of the marriage. While the parties were living together, the husband entered into a partnership for a business known as "Hot Boats," and in 1991, he became the sole proprietor. The wife was employed as a brokerage manager during the parties' marriage.

On February 18, 1998, the wife filed a complaint for divorce, stating as grounds inappropriate marital conduct and irreconcilable differences. The husband answered, admitting that irreconcilable differences had arisen between the parties, but denying that he was guilty of inappropriate marital conduct. After a hearing, the trial court issued an order declaring the parties divorced pursuant to Tenn. Code Ann. §36-4-129. The wife now appeals the trial court's division and classification of the parties' marital and separate property.

The first issue raised by the wife concerns the trial court's classification of Hot Boats' inventory, equipment and tools as the husband's separate property rather than marital property. Our review of the trial court's findings is de novo upon the record with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). By statute, the trial judge has

a positive duty to "equitably divide" what the legislature has set out as "marital property." Tenn. Code Ann. § 36-4-121(a). The statute then goes on to define marital property and separate property.

> (b)(1)(A) "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.
>
> (B) "Marital property" includes income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation and the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage.
> . . .
> (2) "Separate property" means:
> (A) All real and personal property owned by a spouse before marriage;
> (B) Property acquired in exchange for property acquired before the marriage;
> (C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1); and
> (D) Property acquired by a spouse at any time by gift, bequest, devise or descent.

Tenn. Code Ann. §36-4-121.

The trial court found that Hot Boats and its inventory, equipment, and tools were the husband's separate property and that the wife had not presented adequate proof to establish that she had any interest in such equipment. We note that at the trial, the evidence established that the husband was a partner in Hot Boats prior to the marriage although he became the sole proprietor of the business after the parties were married. There was no evidence that the value of Hot Boats increased during the marriage or that the wife substantially contributed to any alleged increase in the value of Hot Boats. In fact, the evidence indicated that Hot Boats was never a profitable business. In light of the foregoing, we cannot find that the evidence preponderates against the trial court's classification of Hot Boats or its inventory, equipment, and tools as the husband's separate property.

The next issue presented by the wife is whether the trial court erred by refusing to consider the alleged debt owed to her by Hot Boats during the division of the marital estate. The wife asserts that she loaned Hot Boats a total of $18,999.71 and that, as the debt relates to a business owned by the husband, the trial court had jurisdiction to rule on this issue. The trial court stated that the wife was not in a position to "prove her case" with regard to such loans and refused to rule on the issue. During the hearing, the trial court stated that the issue of the loans owed to the wife by Hot Boats

was "exempted" and that it was not an issue to be taken care of in this divorce proceeding. However, the trial court granted the wife leave to pursue this claim in another court of competent jurisdiction.

We first point out that we have upheld the trial court's classification of Hot Boats as the husband's separate property. Therefore, any debt owed to the wife by Hot Boats was not a marital debt subject to division or consideration by the trial court under Tenn. Code Ann. § 36-4-121. In any event, as found by the trial court, the wife lacked sufficient evidence to establish such debts at the trial. In light of the foregoing, the trial court did not err in refusing to rule upon this issue in the parties' divorce proceeding.

The wife next contends that the trial court erred in classifying a piece of land near Percy Priest Lake as marital property. This Court has previously held that

> property which is the result of sustained joint effort is marital property while property which is solely the result of individual effort remains separate property. *Langford v. Langford*, 220 Tenn. 600, 421 S.W.2d 632 (1967). In making this determination, circumstances of acquisition, maintenance and improvements may be considered. *Hardin v. Hardin*, 689 S.W.2d 152 (Tenn. App. 1983). The inquiry is not limited to simply what is contained in the documents of title but rather all legal and equitable interests are to be considered. *Jones v. Jones*, 597 S.W.2d 886 (Tenn. 1979). Whether property is marital for purposes of division is a question of fact and, as such, the trial court's findings are entitled to a presumption of correctness on appeal. *Langford*, supra; Tennessee Rules of Appellate Procedure, 13(d).

*Wallace v. Wallace,* No. 23 (Tenn. Ct. App. April 7, 1989, at Knoxville). Additionally, we have previously held that "[i]n the final analysis, the status of property depends not on the state of its record title, but on the conduct of the parties." *Mondelli v. Howard*, 780 S.W.2d 769, 774 (Tenn. Ct. App. 1989).

The record establishes that the land was purchased in February of 1984 with the wife paying the entire down payment on the land. The land was titled in the wife's name. However, the record further establishes that the majority, if not all, of the payments for the land were made out of the parties' joint checking account. According to the husband's testimony, the parties made plans to buy the land, opened the joint account and each party deposited money in the account to pay half of the land payments. The husband further testified that the parties purchased a tractor together and that he used the tractor to clear part of the land. In addition, a note written by the wife and sent to the seller of the land was introduced as an exhibit at trial. The note states that she is "glad this is the last payment. . . . We still haven't decided if we are going to build or sale [sic] it and use the money for downpayment. We sort of want to keep out of Davidson Co. and want to move to the country or get house on lake. Whatever we do we got [sic] collateral."

It is clear from the record that the property was acquired as a result of the sustained joint effort of the parties. The land was paid for out of the parties' joint account. The husband helped

maintain and improve the land. The parties considered and treated this land as marital property. The husband clearly had an equitable interest in the land that the trial court was entitled to consider in determining the classification of the property. The evidence does not preponderate against the trial court's classification of the land as marital property.

The next issue we must address is whether the boat "Southern Thunder" is marital or separate property. As stated earlier, separate property includes property received by a spouse by gift, bequest, devise or descent. Tenn. Code Ann. §36-4-121(b)(2)(D). The wife testified that the boat was a gift to her from the husband. At trial, a letter written by the husband to the wife was introduced as an exhibit. The letter states that "Southern Thunder was built for you my dearest. . . . so please enjoy it as much as I did building it for you." At some point, the record is unclear as to an exact date, Southern Thunder was damaged in an accident. The husband kept the wreckage of Southern Thunder and in 1998 he received approximately $13,000.00 in insurance proceeds as a result of such wreck. In the trial court's final order, the wife was awarded only half of the insurance proceeds as well as the wreckage of the boat. However, at the oral argument before this Court, the parties stipulated that the trial court entered a subsequent order awarding the wife all of the insurance proceeds as well as the wreckage of the boat. We find that the evidence establishes that Southern Thunder was a gift to the wife from the husband. Therefore, Southern Thunder was the wife's separate property and any and all insurance proceeds received as a result of the wreck of Southern Thunder were her separate property.

The next issue raised by the wife involves a tractor that was purchased by the parties during the course of the marriage. The husband testified that the purchase price of the tractor was $13,500.00. The purchase price included a tractor traded in for $5,000.00. The wife contends that the actual purchase price of the tractor was $18,500.00. Nevertheless, the husband sold the tractor for $9,500.00 before the divorce proceeding. The trial court ordered that the husband pay the wife one-half of the proceeds from that sale. The wife contends that the tractor had a fair market value of $19,000.00 at the time of the sale and that she should be awarded at least half of the alleged $18,500.00 purchase price. However, in light of the scant, if any, evidence presented by the wife to support her allegations, we cannot find that the trial court erred in ordering the husband pay her half of the $9,500.00 sale price of the tractor.

The final issue presented for our review is the trial court's division of the rest of the parties' marital property. The wife was awarded bullhorns, a computer, a computer desk, and a filing cabinet. The husband was awarded a fan, a television, a VCR, and a refrigerator. The wife argues that the division was inequitable, because the only personal property with any value, the television, VCR, and refrigerator, was awarded entirely to the husband. We cannot agree.

A trial court has wide discretion concerning the manner in which it divides marital property. *Wallace v. Wallace*, 733 S.W.2d 102 (Tenn. Ct. App. 1987). In addition, Tenn. Code Ann. § 36-4-121 does not require that the trial court make an equal division of the marital assets, but that the trial court make an equitable division of the assets. *Ellis v. Ellis*, 748 S.W.2d 424 (Tenn. 1988). The wife contends that the division of property was not equitable but she has failed to present any

evidence to support this contention. Therefore, we cannot find that the trial court abused its discretion in the division of marital property.

The judgment of the court below is affirmed and the cause remanded to the Davidson County Circuit Court for any further proceedings necessary. Tax the costs on appeal to the appellant, Cynthia Jane Hampton-Hoover.