IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 15, 2020 Session

## KIRA MENDIOLA LEONARD v. CRAIG MICHAEL LEONARD

**Appeal from the Chancery Court for Shelby County**
**No. CH-16-0321     Jim Kyle, Chancellor**

_____

### No. W2018-02235-COA-R3-CV
_____

This case involves the classification and division of marital property between ex-military spouses. In dividing the marital property, the trial court failed to address the factors listed in Tennessee Code Annotated section 36-4-121 or make necessary findings of fact and conclusions of law as is required under Tennessee Rule of Civil Procedure 52.01. For the reasons stated herein, we vacate the trial court's decision and remand with instructions to properly address the required statutory factors.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of Chancery Court Vacated and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Brice Moffatt Timmons, Memphis, Tennessee, for the appellant, Craig Michael Leonard.

### MEMORANDUM OPINION[1]

### I.      FACTS & PROCEDURAL HISTORY

_____

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Kira Mendiola Leonard ("Wife") and Craig Michael Leonard ("Husband") married in Louisiana in August 2010. The parties have two minor children, ages seven and five at the divorce filing. Both parties previously served in the United States Navy, with Husband reaching the rank of Lieutenant after joining in 1994 and retiring in 2010. The dates of Wife's service are unclear. Since retiring from the military, Husband has worked as a federal contractor, with gross earnings in 2017 of $84,312, and Wife has worked as a fitness instructor, earning $22,872 per year. In addition to their stated incomes, Husband also receives payments as part of his Navy retirement pension and holds a retirement savings account through the Navy ("Husband's Thrift Savings Plan"). Wife receives disability payments of $731.36 per month from the Navy and also holds a retirement savings account through the Navy ("Wife's Thrift Savings Plan").

Wife filed her complaint for divorce in the Chancery Court of Shelby County, Tennessee on February 25, 2016, seeking a divorce on the grounds of irreconcilable differences and inappropriate marital conduct. Husband filed an answer and counter-complaint for divorce on March 31, 2016, admitting to irreconcilable differences but denying having committed inappropriate marital conduct. On August 10, 2016, the trial court entered a permanent parenting plan order, and the parties have neither contested nor sought modification of the custody arrangement.

While the divorce action in Shelby County was pending, Husband obtained an *ex parte* divorce in Louisiana on May 8, 2017.[2] The trial court heard the case on November 5, 2018, to determine the distribution of the marital estate. The record on appeal contains no statement of evidence or trial transcript, and this Court is left with only the trial court's order on the matter (entered December 5, 2018) and copies of the ten trial exhibits. While the record on appeal is limited, it is evident that the highly-contested assets were Husband's Navy pension and his Thrift Savings Plan. In its order dividing marital property, the trial court found, among other things, the parties were married for six years and nine months; the parties were divorced on May 8, 2017; Husband retired from the Navy in 2010 after accruing 23 years of creditable military service; Husband draws a retirement pension of $4,044 per month; Wife receives monthly disability compensation (amount unspecified in the order); each party held a separate retirement savings account through the Navy; and there was an outstanding debt on the two-year lease from the parties' marital home that was vacated prior to its expiration.

In making its conclusions of law, the trial court found that the Louisiana divorce

---

[2] Prior to the divorce decree in May of 2017, the parties had entered into a Marital Dissolution Agreement ("MDA") on November 11, 2016, which is no longer in effect. Under the MDA, the parties had agreed to an "equitable division" of personal property and the division of the parties' military retirement pensions. After Husband contested the validity of the MDA, the trial court set aside the agreement in April 2018, finding that new facts had developed since it was entered into by the parties (such as Husband obtaining a divorce decree in Louisiana); that Husband had repudiated the terms of the MDA; and that the court had never approved the terms of the MDA.

from May 2017 was valid and gave it full faith and credit, but stated that it did not affect property rights of the parties. It also awarded Wife 25% of Husband's military retirement payments (as an element of property division), but denied Wife's request for alimony. The court summarily awarded each party "his/her personal property, vehicles, and bank accounts" and made each "responsible for the debts in his/her own name" while ordering that they share the liability associated with the marital residence. Additionally, the court concluded that Wife's Thrift Savings Plan was separate property and found the current balance of Husband's Thrift Savings Plan was "about same or slightly less as it was prior to the marriage," with withdrawals being made for marital purposes, leaving the remaining balance of the account classified as the separate property of Husband. Husband timely appealed the court's division of the marital estate. Wife, now acting *pro se*, declined to file an appellate brief.

## II.     ISSUES PRESENTED

Husband presents two issues on appeal, which we have slightly reworded.

1. Whether the division of Husband's military pension violates the National Defense Authorization Act of 2017 ("NDAA17") by failing to properly formulate the award to Wife; and

2. Assuming the trial court did have jurisdiction to divide Husband's military pension, whether the division of marital property was inequitable given the short duration of the parties' marriage.

For the following reasons, we vacate the trial court's order and remand for further proceedings.

## III.     STANDARD OF REVIEW

In cases involving the division of marital property, the Tennessee Supreme Court has stated the standard of review is as follows:

> The classification of particular property as either separate or marital is a question of fact to be determined in light of all relevant circumstances. *See Langford v. Langford*, 220 Tenn. 600, 421 S.W.2d 632, 634 (1967); *Cutsinger v. Cutsinger*, 917 S.W.2d 238, 241 (Tenn. Ct. App. 1995). [Appellate courts give] great weight to a trial court's decisions regarding the division of marital assets, and we will not disturb the trial court's ruling unless the distribution lacks proper evidentiary support, misapplies statutory requirements or procedures, or results in some error of law. *Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007). As to the trial court's findings of fact, "[appellate courts] review the record de novo with a presumption of

correctness, and we must honor those findings unless there is evidence which preponderates to the contrary." *Id.* However, [there is] no presumption of correctness [accorded] to the trial court's conclusions of law. *Id.*

*Snodgrass v. Snodgrass*, 295 S.W.3d 240, 245–46 (Tenn. 2009).

## IV. DISCUSSION

When dividing a marital estate, trial courts must first identify the property interests in the estate that are marital, rather than separate. Tenn. Code Ann § 36-4-121(b); *Snodgrass*, 295 S.W.3d at 246; *Keyt*, 244 S.W.3d at 328 (citing *Flannary v. Flannary*, 121 S.W.3d 647, 650 (Tenn. 2003); *Brown v. Brown*, 913 S.W.2d 163, 166 (Tenn. Ct. App. 1994)). After listing property as either marital or separate, trial courts must then equitably divide the marital property by applying the factors listed in Tennessee Code Annotated section 36-4-121(c).[3]

In bench trials where facts are determined solely by the judge, Tennessee Rule of Civil Procedure 52.01 states, "the court shall find the facts specially and shall state

---

[3] Tennessee Code Annotated section 36-4-121(c) states:

(c) In making equitable division of marital property, the court shall consider all relevant factors including:
(1) The duration of the marriage;
(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
(4) The relative ability of each party for future acquisitions of capital assets and income;
(5)(A) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
. . . .
(6) The value of the separate property of each party;
(7) The estate of each party at the time of the marriage;
(8) The economic circumstances of each party at the time the division of property is to become effective;
(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;
(10) In determining the value of an interest in a closely held business or similar asset, all relevant evidence, including valuation methods typically used with regard to such assets without regard to whether the sale of the asset is reasonably foreseeable. . . . ;
(11) The amount of social security benefits available to each spouse; and
(12) Such other factors as are necessary to consider the equities between the parties.

separately its conclusions of law and direct the entry of the appropriate judgment." This requirement is critical to "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). "Simply stating the trial court's decision, without more, does not fulfill" the requirements of Rule 52.01. *Barnes v. Barnes*, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012). *See also Long v. Long*, No. E2018-01868-COA-R3-CV, 2019 WL 3986281, at *8 (Tenn. Ct. App. Aug. 23, 2019); *Trezevant v. Trezevant*, 568 S.W.3d 595, 622 (Tenn. Ct. App. 2018). Despite the absence of a "bright-line test by which to assess the sufficiency of factual findings, . . . 'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013) (quoting 9C Charles A. Wright et al., *Federal Practice & Procedure* § 2579, at 328 (3d ed. 2005)). "The equitable division of marital property is a fact-intensive inquiry, and in the absence of sufficient findings of fact and conclusions of law regarding the classification of all property at issue, we cannot determine whether the overall distribution of marital property . . . is equitable." *Swafford v. Swafford*, No. E2017-00095-COA-R3-CV, 2018 WL 1410900, at *6 (Tenn. Ct. App. Mar. 21, 2018). *See also Smith v. Smith*, No. E2017-00515-COA-R3-CV, 2017 WL 6467153, at *5 (Tenn. Ct. App. Dec. 18, 2017); *Halliday v. Halliday*, No. M2011-01892-COA-R3-CV, 2012 WL 7170479, at *12 (Tenn. Ct. App. Dec. 6, 2012). Rule 52.01 must be followed to ensure "the [trial court's] decision [is] guided by a careful consideration of the relevant statutory factors" listed in Tennessee Code Annotated section 36-4-121(c). *Cox v. Cox*, No. E2016-01097-COA-R3-CV, 2017 WL 6517596, at *5 (Tenn. Ct. App. Dec. 20, 2017) (citing *Larsen-Ball v. Ball*, 301 S.W.3d 228, 234–35 (Tenn. 2010)).

If the trial court properly expresses "the reasons for its decisions, [it] may well decrease the likelihood of an appeal." *Lovlace*, 418 S.W.3d at 35 (citing *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *5 (Tenn. Ct. App. Dec. 27, 2012)). Without the necessary findings being made, the appropriate remedy at the appellate level is, generally, to vacate the judgment and remand to the trial court. *See, e.g., Swafford*, 2018 WL 1410900, at *6 (quoting *Babcock v. Babcock*, No. E2014-01670-COA-R3-CV, 2015 WL 1059003, at *6 (Tenn. Ct. App. Mar. 9, 2015)).

In the case at bar, the trial court did not properly follow Rule 52.01. While the court's Order Dividing Marital Property listed both factual findings and conclusions of law, the court neglected to mention any of the factors listed in Tennessee Code Annotated section 36-4-121(c) and failed to offer any substantive explanation for its decisions that align with those factors. The court alluded to a few facts that may align with certain factors, such as the length of the marriage; Husband's monthly income; and Husband's use of his Thrift Savings Plan to pay for marital expenses rather than to dissipate the asset, but it omitted or failed to consider many others. The court made conclusory findings and rulings to divide the marital estate, such as awarding each party "his/her

personal property, vehicles, and bank accounts" and holding each "responsible for the debts in his/her own name" without listing specific values. Husband's military pension was hotly contested; yet, the court failed to detail its reasoning in awarding Wife "twenty-five percent (25%) of Husband's disposable military retired pay."[4]

The trial court's course of action does not afford us the ability to adequately assess the division of the marital estate on appeal. Without a properly detailed order in compliance with Rule 52.01, we are unable to determine how the court reached its conclusions or whether its decision was equitable. Therefore, we vacate the trial court's order pertaining to the division of marital property and remand for the court to properly state its findings of fact and conclusions of law in compliance with Tennessee Code Annotated section 36-4-121(c) and Rule 52.01.

As a result of our holding, we do not reach Husband's issue regarding the application of NDAA17 in the case at bar, and it is, therefore, pretermitted.

## V.    CONCLUSION

For the reasons stated herein, we vacate the trial court's order dividing the marital estate and remand with instructions for the trial court to make specific findings of fact and conclusions of law in accordance with Tennessee Code Annotated section 36-4-121(c) and Tennessee Rule of Civil Procedure 52.01. Costs of this appeal are taxed equally to appellant, Craig Michael Leonard, and appellee, Kira Mendiola Leonard, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[4] Although vested and non-vested military pensions may be considered marital property in Tennessee, *see Kendrick v. Kendrick*, 902 S.W.2d 918, 926 (Tenn. Ct. App. 1994), it is not exempt from the requirements of Rule 52.01.