Dorothy Bennett FISHER,
Plaintiff-Appellee,

v.

Thomas Wayne FISHER,
Defendant-Appellant.

Supreme Court of Tennessee,
at Nashville.

April 4, 1983.

Joe M. Haynes, Goodlettsville, for defendant-appellant.

William Carter Conway, Franklin, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

The primary issue on appeal is whether the division of the parties' marital property was just and reasonable as prescribed by T.C.A. § 36–825. In making this determination, we must first resolve an apparent conflict between members of the Court of Appeals and decide whether "fault" and "need" are proper factors to be considered by a court when adjusting the rights and interests of the parties in jointly owned property under T.C.A. § 36–825.

The parties had been married over 24 years when this case was heard. Mr. Fisher was 60 years of age, and Mrs. Fisher was 47 years of age. They had no children. Both parties were employed and made approximately the same amount of money. During the course of the marriage, they used their earnings for their common good. They owned a house and lot, unimproved land, and a joint savings account containing $17,-600.

The trial judge awarded Mr. Fisher an absolute divorce on the grounds of cruel and inhuman treatment. The marital estate was valued at approximately $95,000 and Mr. Fisher received approximately $60,-000 in assets, which included the house and lot, and Mrs. Fisher was awarded approximately $35,000, which included the unimproved lot. Mrs. Fisher perfected an appeal to the Court of Appeals contesting the division of the marital estate. The Court of Appeals modified the decree of the trial court, awarding Mrs. Fisher a lien on the house and lot "to the extent of one-fourth of the equity therein until such time as the husband should determine to move, sell the property, remarry or die. Upon the occurrence of the first of these events, the premises will be sold and the equity divided." With this modification, each party would ultimately receive approximately $47,000.

In the Court of Appeals, Mrs. Fisher asserted that fault was not a consideration in the equitable division of jointly owned assets. Mr. Fisher contended that fault was a proper consideration in the distribution of the assets of the parties, and that, but for his wife's misconduct, there would have been no divorce and no necessity to divide the property. The trial judge made no findings of fact or conclusions of law, therefore, we do not know whether fault was, in fact, a factor which he considered. Mrs. Fisher argues that it was a factor.

In the Court of Appeals, two members found that fault and need were not factors to be considered in arriving at a just and reasonable disposition of jointly owned property pursuant to T.C.A. § 36–825. Another member of that panel was of the opinion that fault and need were just factors, though not normally the major ones, to be considered in the application of the stat-

ute. All three members of the Court concurred in dividing the joint property approximately equally.

In his appeal to this Court, Mr. Fisher contends that his needs are greater than that of Mrs. Fisher, that he is thirteen years older than she, that his health is not as good as hers, and that he has a compelling need for the home since he conducts his business from the home. He avers that the "financial need of the parties should be a definite factor in the division, if not the critical factor."

Mrs. Fisher responds that the property was acquired through their joint efforts, that the earnings of the parties are equal, that Mr. Fisher is allowed to remain in the residence of the parties with an extremely low mortgage payment and the only way that possession can be disrupted is by a choice of his own. She concludes that the Court of Appeals did not err in modifying the trial court's award leaving the parties with roughly an equal distribution of assets.

■ The authority to divide the jointly owned property of married couples is given to the courts by T.C.A. § 36–825:

> *Adjustment of interests in jointly owned property.*—In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, in its discretion, adjust and adjudicate the respective rights and interests of the parties in all jointly owned property, so as to preserve for each or either party, that portion of such jointly owned property as may be *just and reasonable under the facts and circumstances of the case, regardless of how the court may grant or refuse to grant relief in such case;* and to this end the court shall be empowered to effectuate its decree by divesting and reinvesting title to such property and, where deemed necessary, to

order a sale of such property and to order the proceeds divided between the parties. [Acts 1953, ch. 90, § 1 (Williams, § 8446); 1959, ch. 192, § 1.] (emphasis added).

This statute "gives the court wide discretion to adjust and adjudicate the respective rights and interests of the parties in all jointly owned property." *Evans v. Evans,* 558 S.W.2d 851, 854 (Tenn.App.1977). The key phrase in the statute is for the court to do what is "just and reasonable under the facts and circumstances of the case" when adjudicating the rights and interests of the parties. That phrase concludes by stating, "regardless of how the court may grant or refuse to grant relief in such case." We construe this phrase to mean that the court will adjust and adjudicate the interests of the parties "regardless" of fault.

This same conclusion was reached by this Court in *Langford v. Langford,* 220 Tenn. 600, 421 S.W.2d 632, (1967), when the Court stated:

> Under this Code section, applying only to jointly owned property, the court in division of property in a divorce action has jurisdiction to do what "may be just and reasonable under the facts and circumstances of the case" and such is true regardless of which party obtains the divorce absolute or otherwise.

220 Tenn. at 604, 421 S.W.2d at 634.[1]

■ Judge Conner makes a strong argument that "[t]here could be extreme cases where the fault of one party or the other may relate to the joint property itself or be of such magnitude as to require consideration by the trier of fact in order to adjust the interests in jointly owned property 'as may be just and reasonable under the facts and circumstances of the case.'" There is no question that fault and need are to be considered in determining alimony in

1. See also the earlier case of *Keicher v. Mysinger, Adm'r., et al.,* 184 Tenn. 226, 232, 198 S.W.2d 330, 332 (1946), where the Court held that "[a]s to the estate by the entirety, her rights in that were vested, and we know of no rule of law by which her subsequent moral delinquencies would deprive her of such a vest-

ed right." In accord is *Humphreys v. Humphreys,* 39 Tenn.App. 99, 125, 281 S.W.2d 270, 282 (1954), in which the court found that "even adultery by a wife does not forfeit such interest in property held by her and her husband as tenants by the entireties."

futuro, T.C.A. § 36–820,[2] and alimony in solido, T.C.A. § 36–821. Why then should such factors not also be considered in determining the just and reasonable disposition of jointly owned property? As to fault, we feel the statute clearly mandates that it should not be considered.

As to need, we find no language in the statute that would exclude it as a factor, nor do we find any reported case which holds that need cannot be considered in adjusting the interests of the parties in jointly owned property.

■ There are many factors which a court may consider when attempting to reach a just, fair and reasonable division of the assets of the parties in jointly owned property: the spouse's earnings, income and sources of income; the spouse's contribution at marriage; the way and manner in which the marital estate was accumulated and depleted during marriage; the spouse's contribution to the marriage independent of contributions of earnings or property; gifts between the parties; the duration of the marriage; the health of the parties, together with their age and station in life; their ability or inability to maintain themselves at present or in the future—the needs of the parties. The above factors, although not all inclusive, give some guidance to our courts. Obviously, no hard and fast rules can be laid down, for the facts and circumstances of each case must govern.

■ After carefully reviewing the facts in this cause and after considering the many factors which should be taken into consideration in making a proper division of property pursuant to T.C.A. § 36–825, we do not find that the Court of Appeals was in error in dividing the joint property so as to leave the parties with roughly an equal distribution of the assets.

The judgment of the Court of Appeals is affirmed and the cause remanded to the trial court for entry of an appropriate judg-

ment. The costs of this appeal are to be divided equally between the parties.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.

---

**2.** See *Massey v. Massey*, 621 S.W.2d 728 (Tenn. 1981) for a comprehensive discussion of the many factors to be considered in passing on

alimony (T.C.A. § 36–820), including "the conduct of the parties."