Florence E. CAYLOR,
Plaintiff-Appellee,

v.

Creed C. CAYLOR, Jr.,
Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

Sept. 10, 1984.

Rehearing Denied Oct. 22, 1984.

Dennis M. Robertson, Tazewell, for defendant-appellant.

Randall E. Nichols, Knoxville, for plaintiff-appellee.

OPINION

BROCK, Justice.

In this divorce case the Chancellor awarded an absolute divorce to the plaintiff wife upon grounds of cruel and inhuman treatment and awarded her alimony in the sum of $300.00 per month and support for a 15-year-old child in the sum of $400.00 per month. The Chancellor then attempted to make an equitable division of the real and personal property accumulated by the parties during their twenty-plus years of marriage. On appeal to the Court of Appeals that court modified the division of property by reallocating a piece of property known as the Whitaker farm from the defendant husband to the plaintiff wife, the farm being estimated to be worth approximately $100,000.00. In all other respects the Court of Appeals affirmed the decree of the Chancellor. The defendant husband appeals to this Court from the decree of the Court of Appeals insisting that the reallocation of the Whitaker farm by the Court of Appeals was erroneous and unjustified by the evidence in the case and under the well established scope of review in such cases.

During the marriage of the parties they accumulated a sizable jointly owned estate consisting of several parcels of land and considerable personal property as well. The farm on which they made their marital residence is known in the record as the Whitaker farm. Situated on the Whitaker farm was another small residence in addition to the principal residence. In decreeing a division of the jointly owned property the trial court carved out of the Whitaker farm a fenced area of approximately four acres of land upon which was located the principal residence and awarded that portion of the farm to the wife but he decreed that the remainder of the Whitaker farm would be thenceforth owned by the defendant husband. Thus, a residence was allotted to each of the parties. The Court of Appeals reversed that portion of the trial court's decree and awarded the whole of the Whitaker farm to the plaintiff wife, thereby affording her two residences and no residence for the husband. In this respect we conclude that the Court of Appeals erred.

In summary, the trial court divided the jointly owned properties as follows:

"To plaintiff-wife—

| | |
|---|---|
| "Home and 4 acres of land (from Whitaker farm) | $ 68,800.00 |
| "Cosby Farm | 12,500.00 |
| "Vingle Notes | 83,000.00 |
| "Hurst Lots | 8,000.00 |
| "Summer Breeze | 3,500.00 |
| "England Farm | 20,000.00 |
| "Household Furnishings | 45,000.00 |
| "CCC Cable Notes | 8,500.00 |
| "Railcar Stock | 10,000.00 |
| "Vehicles—(Cadillac, Jeep, Ford Pickup Honda) | 11,500.00 |
| "TOTAL | $270,800.00 |

"To the defendant-husband—

| | |
|---|---|
| "Kimbal Stock | $ 1,200.00 |
| "Patterson Farm | 60,000.00 |
| "Servey Farm | 26,534.00 |
| "Whitaker Farm (minus principal residence and 4 acres of land) | 100,000.00 |
| "Eden Pines Lot | 7,000.00 |
| "Buckhead Ridge Lot | 5,000.00 |
| "Vehicles—(Pickup, Van, Ton Truck, Pickup, Motorcycle) | 16,500.00 |
| "Bass Boat | 2,000.00 |
| "Farm Machinery | 25,000.00 |
| "Caylor Music Co., Inc. | 100,000.00 |
| "Tools | 10,000.00 |
| "TOTAL | $353,234.00 |
| LESS PCA LOAN | 17,400.00 |
| "NET TOTAL | $335,834.00" |

The values assigned to the various properties in the above summary are the values found by the trial court which we find to be supported by evidence in the record, except the values assigned to the CCC Cable Notes, Railcar stock, vehicles (Cadillac, Jeep, Ford pickup, Honda) and Kimbal stock, Servey farm, Eden Pines lot, Buckhead Ridge lot, and vehicles (pickup, van, ton truck, pickup, motorcycle, bass boat) which are assigned values according to the evidence supplied by the plaintiff wife.

In dividing jointly owned property in a divorce case the courts are enjoined by T.C.A., § 36-825 (now 36-4-121), to make: "... such division ... as may be just and reasonable under the facts and circumstances of the case, regardless of how

the court may grant or refuse to grant relief in such case; ...."

We have said "... the key phrase in the statute is for the court to do what is 'just and reasonable under the facts and circumstances of the case' when adjudicating the rights and interests of the parties." *Fisher v. Fisher*, Tenn., 648 S.W.2d 244, 246 (1983). In the *Fisher* case we also listed a number of factors which the courts are to consider in determining what amounts to "a just and reasonable" division under the facts and circumstances of the case. *See Fisher v. Fisher, supra*, at 247.

The jointly owned property in this case was acquired by the joint efforts of the plaintiff and the defendant over many years of marriage and we are not aware of any reason why roughly equal shares of jointly owned property should not be considered to be a just and reasonable division in this case. Bearing in mind that the values assigned to properties retained by the parties are more or less speculative and theoretical, we are of the opinion that the division made by the trial court meets the "just and reasonable" mandate of T.C.A., § 36-825.[1]

On the other hand, it appears to us that the modification of that decree made by the Court of Appeals whereby the wife was allotted both residences owned by the parties was unjustified and unfair to the husband.

Rule 36, T.R.A.P., directs that we "... shall grant the relief on the law and facts to which the party is entitled ...."

Accordingly, we reverse the judgment of the Court of Appeals and reinstate the decree of the trial court. Costs incurred on appeal are adjudged against the plaintiff wife.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.

---

1. The division made by the trial court awards property to the husband valued at approximately $65,000.00 more than that awarded to the wife, but, the division made by the Court of Appeals awards to the wife property valued at approximately $134,966.00 more than that awarded to the husband. Thus, the "discrepancy" allowed by the Court of Appeals is double that allowed by the trial court.