| JOHN D. BICKFORD, | ) | RUTHERFORD CHANCERY |
|---|---|---|
| | ) | No. 95DR-1163 |
| Plaintiff/Appellant | ) | |
| | ) | Appeal No. |
| v. | ) | 01A01-9711-CH-00645 |
| | ) | |
| | ) | |
| CHRISTI MARIA BICKFORD, | ) | |
| | ) | |
| Defendant/Appellee | ) | |

**FILED**

**April 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## APPEAL FROM THE RUTHERFORD COUNTY CHANCERY COURT
## AT MURFREESBORO, TENNESSEE

## HONORABLE DON R. ASH
## JUDGE

Jerry Scott
John L. Kea, II
Scott & Kea
100 E. Vine St.
P. O. Box 1216
Murfreesboro, TN 37133-1216
ATTORNEYS FOR THE APPELLANT

William Kennerly Burger
301 North Spring St.
P. O. Box 1969
Murfreesboro, TN 37133-1969
ATTORNEY FOR THE APPELLEE

## MODIFIED AND AFFIRMED

WILLIAM H. INMAN, SENIOR JUDGE

CONCUR:

HENRY F. TODD, PRESIDING JUDGE, MIDDLE SECTION
BEN H. CANTRELL, JUDGE

| | | |
|---|---|---|
| JOHN D. BICKFORD, | ) | RUTHERFORD CHANCERY |
| | ) | No. |
| Plaintiff/Appellant | ) | |
| | ) | Appeal No. |
| v. | ) | 01A01-9711-CH-00645 |
| | ) | |
| | ) | |
| CHRISTI MARIA BICKFORD, | ) | |
| | ) | |
| Defendant/Appellee | ) | |

## O P I N I O N

The sole issue on appeal in this domestic relations case is whether the trial court's determination of the value of a coin collection is contrary to the preponderance of the evidence. A reasoned resolution of this issue is made difficult by virtue of the fact that the trial court doubted the credibility of both principals.

According to the appellant, he began a coin collection as a youngster and continued this hobby throughout a subsequent military career which involved several tours of overseas duty. Coins of various countries were added to his collection, half of which eventually was comprised of such coins. Included in his collection were "wheat" pennies and "buffalo" nickels; the remainder were face-value. He estimated the value of the collection to be $2,000.00 to $2,500.00. After the parties separated, he sold a substantial portion of the coins for $800.00, according to his testimony, and estimated the value of the remaining coins to be $500.00 to $700.00.

The appellee testified, initially, that the coin collection was worth between $40,000.00 and $60,000.00. She later reduced this estimate to $30,000.00; still later, she said she had "no earthly idea" of its value, but that

the appellant had stated that the collection was worth between $40,000.00 and $60,000.00.

There was no documentation of any kind as to the value of the collection. There were no records presented of the kind, number, face value, market value, dates, metal content, condition, etc. of any of the coins. No appraisal had ever been made.

The appellee testified that from an inheritance of $11,000.00, she invested $9,000.00 in the collection which she later adjusted to $4,000.00, as nearly as may be apprehended, but she had no extrinsic or documentary proof of this investment, not even a single receipt.

Sisters of the appellee testified that the appellant told them the collection was worth between $40,000.00 and $60,000.00, which the appellant denied. The appellant's son by a former marriage thought the collection was worth between $1,500.00 and $2,000.00.

The trial court declared that "as compensation to the wife for her interest in the coin collection which the Court finds to be marital property, the husband shall pay the wife the sum of $250.00 per month for 48 months," after a finding that Mrs. Bickford had contributed at least $10,000.00 of her own funds towards the purchase of the coins, stating to Mr. Bickford that "you're going to pay her as part of a division of marital property $250.00 per month for the next 48 months. That totals $10,000.00."

Since $250.00 times 48 equals $12,000.00, we are uncertain of the intendment of the Court, but the arithmetic is not crucial in light of our view of the preponderance of the evidence, which we find supports a finding that the coin collection was in part the appellant's separate estate and in part marital property.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d).  In accordance with our review, we find the evidence preponderates against the finding that the appellee contributed $10,000.00 to the coin collection, or that her compensable interest in the collection is $12,000.00.  We find that a portion of the coin collection is marital property, and that the appellee is entitled to recover $4,000.00 therefor, at the rate of $250.00 per month for 16 months, without interest.  *See, Fisher v. Fisher,* 648 S.W.2d 244 (Tenn. 1988).

The secondary issue of the propriety of the calculation of the appellee's share of the appellant's military retirement pay has been resolved by the parties, who agree that disability benefits should be excluded from consideration.

The judgment is accordingly modified.  Costs are assessed to the parties equally and the case is remanded for all appropriate purposes.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Henry F. Todd, Judge


_____
Ben H. Cantrell, Judge