IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 2, 2000 Session

## SHIRLEY JEANETTE BARLOW v. JARVIS KAY BARLOW

**Appeal from the Circuit Court for Wilson County**
**No. 1647     Clara Byrd, Judge**

---

**No. M1999-00749-COA-R3-CV - Filed March 19, 2003**

---

These parties were married for twenty-seven years before the wife abandoned the marriage and sought a divorce which was uncontested. She was awarded one-half of the net marital estate, and rehabilitative alimony. Wife appeals, claiming that because of her illness she is entitled to more than 50 percent of the marital property, is entitled to alimony *in futuro* rather than rehabilitative alimony, and is entitled to attorney fees. We affirm the trial court's judgment, except as to the period of spousal support, which is extended from three years to five years. We also remand this case to the trial court for a determination of whether the post-judgment facts alleged by the husband warrant a further modification of the alimony award.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed as Modified**

BEN H. CANTRELL, P.J., M.S., WILLIAM C. KOCH, JR., J., and WILLIAM B. CAIN, J.

Vicky V. Klein, Madison, Tennessee, for the appellant, Shirley Jeanette Barlow.

David B. Lyons, Nashville, Tennessee, for the appellee, Jarvis Kay Barlow.

### OPINION
### PER CURIAM

### I.

These parties were married in 1972, each for the first time. Two children, now adults, were born to them. The plaintiff wife is now forty-eight years of age; husband is fifty-two. Husband enjoys good health and employability; his job skills are mechanical and he was earning about $20.00 per hour at the time of the trial of this case. Wife has accounting and computer-operating skills and is certified as a medical assistant. She does not enjoy good health owing to Behcet's disease, an autoimmune disease related to lupus and rheumatoid arthritis.

While the disease can be life threatening, she is not an invalid and has experienced only three episodes of the disease since its onset more than ten years ago, and only one hospitalization.  In 1996 she was determined to be disabled from employment by the Social Security Administration, and was awarded $461.00 per month in benefits, including medicine entitlement.[1]  She made a conscious decision not to work or seek work after her social security benefits commenced owing to her candid admission that she was fearful she would thereby forfeit her disability benefits.

The trial court entered a final decree for divorce finding that each party has grounds for divorce against the other, and declaring them divorced pursuant to Tennessee Code Annotated § 36-4-129.  Each was awarded one-half of husband's retirement account at Peterbilt as of January 1, 1999,[2] and one-half of the net proceeds of sale of the marital home.  However, the court ordered that the $108,000 net sale proceeds is to be reduced before its division to pay (1) $1,241 in credit card debt incurred before the separation; and (2) the approximate $6,650 outstanding on Ms. Barlow's Saturn,  leaving approximately $100,000 to be divided between the parties.

Husband was also ordered to pay wife $500 per month in rehabilitative alimony and wife's $250 monthly COBRA premium for three years following which husband  must pay $250 per month beginning September 2, 2002 for an additional five years. Husband also must maintain an insurance policy on his life, sufficient to cover his total alimony obligation until the obligation ceases.  The trial court repeated its finding that, although Ms. Barlow is disabled, she is capable of working part-time without jeopardizing her disability benefits.  Ms. Barlow appeals from this decree.  Our review is *de novo* on the record accompanied by the presumption that the judgment is correct unless the evidence preponderated against it.  Rule 13(d) Tenn. R. App. P.

## II.

Wife complains that she is entitled to more than 50 percent of the marital estate which essentially consisted only of the residence of the parties which was sold and the proceeds escrowed pending further order of the court.[3]

Dividing a marital estate is not a mechanical process but rather is guided by considering the factors in Tennessee Code Annotated § 36-4-121(c).  Trial judges have wide latitude in fashioning

---

[1] From 1982 to 1985, Ms. Barlow worked as a histologist.  She worked four hours a day, four days per week, earning $6 per hour.  From 1987 to 1990 she was a library assistant for Lakeview Elementary School, working three days per week at $5 per hour.  From 1990 to 1991, she worked four days per week as a book keeper for Small World Ministries, where she earned $5.50 per hour.  From February 1992 to May 1992, she worked five days per week in the mail room at the Baptist Sunday School Board, earning $7.50 per hour.  In 1994, she took work as a check out clerk at Video Express.  This was her last job outside the home before the parties separated.

[2] Husband's retirement benefits at the Peterbilt Motor Company will approximate $1000.00 per month as of his sixty-fifth birthday.

[3] The division of personal property is not contested.   This division, as nearly as may be determined, was also equal.

-2-

an equitable division of marital property. *See Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn. 1983); *Brown v. Brown*, 913 S.W.2d at 168. Appellate courts must accord great weight to a trial judge's division of marital property. *See Wilson v. Moore*, 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996); *Edwards v. Edwards*, 501 S.W.2d 283, 288 (Tenn. Ct. App. 1973). Thus, we will ordinarily defer to the trial judge's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence. *See Mahaffey v. Mahaffey*, 775 S.W.2d 618, 622 (Tenn. Ct. App. 1989); *Hardin v. Hardin*, 689 S.W.2d 152, 154 (Tenn. Ct. App. 1983).

Wife argues that owing to her affliction she is and will be unable to be gainfully employed, as contrasted to husband who is robust and highly employable, a factor mitigating in her favor and requiring that she be awarded 75 percent of the estate.

The affliction of wife is not controverted, although it finds no support in the record save only her testimony. After leaving the family residence, she traveled to another state with a boyfriend, where she remained for nearly one year, apparently working. Upon her return, she filed this divorce action. There is no evidence that she cannot be gainfully employed; she chooses not to be lest she forfeit her social security benefits. As observed by the trial judge - apparently from her store of knowledge - wife may lawfully earn some amount without jeopardizing her social security benefits. We cannot find that the evidence preponderates against the trial court's division of the marital estate, Rule 13(d) Tenn. R. App. P., particularly so when the wide latitude accorded to trial judges is considered. *Fisher v. Fisher*, 648 S.W.2d 244 (Tenn. 1983).

### III.

Wife complains that the alimony award is insufficient and should have been *in futuro* rather than rehabilitative.

The purpose of spousal support is to aid the disadvantaged spouse to become and remain self-sufficient and, when economic rehabilitation is not feasible, to mitigate the harsh economic realities of divorce. *See Shackleford v. Shackleford*, 611 S.W.2d 598, 601 (Tenn. Ct. App. 1980). Courts award temporary, rehabilitative spousal support in an attempt to enable the disadvantaged spouse to acquire additional job skills, education, or training that will enable him or her to be more self-sufficient. *See Smith v. Smith*, 912 S.W.2d at 160; *Cranford v. Cranford*, 772 S.W.2d 48, 51 (Tenn. Ct. App. 1989). Long-term spousal support, on the other hand, is designed to provide support to a disadvantaged spouse who is unable to achieve some degree of self-sufficiency. *See Loria v. Loria*, 952 S.W.2d 836, 838 (Tenn. Ct. App. 1997).

Tenn. Code Ann. § 36-5-101(d)(1) reflects a legislative preference for rehabilitative spousal support. *Herrera v. Herrera*, 944 S.W.2d at 387; *Wilson v. Moore*, 929 S.W.2d 367, 375 (Tenn. Ct. App. 1996). Before deciding whether to award rehabilitative or long-term spousal support, the trial court must first determine whether the payee spouse is capable of economic rehabilitation. The trial court should award alimony in futuro if the court finds that "economic rehabilitation is not feasible

and long-term support is necessary." *Crabtree v Crabtree*, 16 S.W.3d 356, 359 (Tenn. 2000) (quoting *Self v. Self*, 861 S.W.2d 360, 361 (Tenn. 1993). Conversely, if the court determines that the payee spouse can be economically rehabilitated, it should award rehabilitative spousal support. *Crabtree v Crabtree*, *supra*.

Spousal support decisions hinge on the unique facts of the case and require a careful balancing of the factors in Tenn. Code Ann. § 36-5-101(d)(1). *Hawkins v. Hawkins*, 883 S.W.2d 622, 625 (Tenn. Ct. App. 1994); *Loyd v. Loyd*, 860 S.W.2d 409, 412 (Tenn. Ct. App. 1993). In virtually every case, the two most important factors are the demonstrated need of the disadvantaged spouse and the obligor spouse's ability to pay. *Varley v. Varley*, 934 S.W.2d 659, 668 (Tenn. Ct. App. 1996); *Crain v. Crain*, 925 S.W.2d at 234. Fault is also a relevant consideration when setting spousal support, *see* Tenn. Code Ann. § 36-5-101(d)(1)(K), but spousal support decisions are not intended to be punitive. *Duncan v. Duncan*, 686 S.W.2d 568, 571 (Tenn. Ct. App. 1984); *McClung v. McClung*, 29 Tenn. App. 580, 584, 198 S.W.2d 820, 822 (1946).

Trial courts have broad discretion to determine whether spousal support is needed and, if so, its nature, amount, and duration. *Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996); *Jones v. Jones*, 784 S.W.2d 349, 352 (Tenn. Ct. App. 1989). Appellate courts are generally disinclined to second-guess a trial court's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes. *Brown v. Brown*, 913 S.W.2d 163, 169 (Tenn. Ct. App. 1994); *Ingram v. Ingram*, 721 S.W.2d 262, 264 (Tenn. Ct. App. 1986).

The record reveals no abuse of discretion by the trial judge in awarding rehabilitative alimony rather than alimony *in futuro*. Wife is capable, as determined by the trial judge of achieving self-sufficiency. While her affliction must be taken into account, its manifestations are infrequent and she has regularly engaged in a host of physical activities. She has accounting and computer skills and is a certified medical technician. These factors are markedly supportive of our conclusion that the trial court did not abuse its discretion in awarding rehabilitative rather than *in futuro* alimony.

**IV.**

We affirm the award of rehabilitative alimony but extend it to five years in light of uncertainty as to the wife's medical condition, although we recognize that a post-judgment fact may render this portion of the opinion moot.

According to a Rule 14, Tennessee Rules Appellate Procedure motion filed by husband to consider a post-judgment fact, supported by affidavit, wife remarried February 18, 2003. The judgment provides that alimony shall cease upon wife's remarriage. This decretal provision, being unappealed, is final. Since our jurisdiction is appellate only, we remand the case for a determination of whether the judgment respecting alimony should be modified.

Wife contends that the trial court erred by refusing to award attorney's fees and expenses. In a divorce action, an award of attorney's fees is treated as alimony. *See Smith v. Smith*, 912 S.W.2d 155, 161 (Tenn. Ct. App. 1995); *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988). The decision to award attorney's fees lies within the sound discretion of the trial judge, *see Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995); *Brown v. Brown*, 913 S.W.2d at 170. A party is entitled to attorney's fees when he or she lacks sufficient funds to pay his or her legal expenses or would find it necessary to deplete other assets to do so. *See Brown v. Brown*, 913 S.W.2d at 170; *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995). We find no abuse of discretion in declining to award attorney fees.

## V.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. Costs of appeal are taxed to the parties evenly.

PER CURIAM