IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 19, 2005 Session

## TROY A. CLARK v. JENNIFER DAWN CLARK

**Appeal from the Circuit Court for Davidson County**
**No. 03D-2344      Carol L. Soloman, Judge**

**No. M2004-01824-COA-R3-CV- Filed September 13, 2005**

This is an appeal from a divorce action in which the husband argues that the trial court failed to make an equitable division of the marital estate. Specifically, the husband challenges the trial court's treatment of certain real property as the wife's separate property, and he challenges the valuation placed on their vehicles. Finding the appeal meritorious, we reverse and remand for a new division of the marital estate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., and JERRY SMITH, SP.J., joined.

Andrew M. Cate, Nashville, Tennessee, for the appellant, Troy Allen Clark.

Alfred H. Knight, Mary Arline Evans, and Alan D. Johnson, Nashville, Tennessee, for the appellee, Jennifer Dawn Clark.

### OPINION

Troy Allen Clark, Husband, and Jennifer Dawn Clark, Wife, married in November of 1991. They have one minor child, who was born in 1999.[1] After 13 years of marriage, Husband filed for divorce on October 2, 2003. Wife counterclaimed for divorce on October 27, 2003.

Both spouses worked during most of the marriage. During the early years, Husband's income exceeded that of Wife. Husband had been working as a contract painter for Oakwell Farms, earning approximately $30,000, when he lost the contract with Oakwell in 1997. Thereafter, Husband worked as a self-employed painter on a part-time basis with little economic success. Prior to 1996,

---

[1]Matters pertaining to the child are not at issue on appeal.

Wife worked as a bookkeeper for an apartment complex earning somewhat less than Husband. Wife obtained a real estate license in 1996.[2] She enjoyed immediate success as a real estate agent.

The parties' only child was born in 1999. At this time, Wife's earnings were substantially greater than Husband's. Thus, they agreed Husband would stop working and stay home to care for their child while Wife continued to work as a real estate agent to support the family. She earned between $58,000 to $65,000 annually during the three years Husband cared for the child. Husband returned to the workplace in 2003.

The parties acquired a number of assets during the marriage, including real estate and vehicles, and they built equity in bank and retirement accounts. The first residence the parties acquired during the marriage was on Ridgemere Court in Nashville.[3] They additionally acquired rental property on Dutchman Drive. They did not reside in the Dutchman property; they rented it out for which they received rental income.

In 2003, while Husband was working in Lebanon, he located a vacant lot in Lebanon upon which the parties planned to construct their new residence (hereinafter the "Ridge Crest property"). Husband and Wife purchased the lot; however, for reasons not fully explained in the record, the lot was titled in Husband's name only. Nevertheless, the contract for the construction of their new residence and the construction loan for the Ridge Crest property were in both spouses' names. Construction of the new residence commenced in 2003, prior to the filing of divorce proceedings. Construction was completed shortly before the divorce proceedings were final.

The parties' former residence on Ridgemere Court in Nashville was sold during the divorce proceedings. By agreed order, the net proceeds from the sale of that house were held by the court clerk pending division of the marital estate.[4] At the time of the divorce, the parties owned additional assets, vehicles and retirement and bank accounts, that were subject to division as marital assets.

Following an evidentiary hearing, the trial court declared the parties divorced and designated Wife as the primary residential parent of the minor child. Each party was awarded their respective IRA and bank accounts. The parties' new residence on Ridge Crest Drive, valued at $99,000, was classified by the trial court as Wife's separate property and awarded to Wife. The rental property on Dutchman Drive, valued at $30,000, was classified as marital property and awarded to Husband. The remaining assets were classified as marital property, of which the funds on deposit in the clerk's office and Wife's 401k were divided equally. Wife was awarded the 2004 Nissan Murano, and

---

[2] It may have been 1997; the record is not entirely clear as to the date she was licensed.

[3] Husband and Wife resided in the Ridgemere Court residence until they separated during the divorce proceedings in 2004.

[4] Some of the net proceeds were divided equally and distributed prior to the final decree. Only $10,000 remained and was on deposit with the clerk at the time of the divorce.

Husband was awarded the to-be-restored 1967 Porsche, which was inoperable, and the 1993 Mitsubishi pickup truck.

On appeal, Husband contends the trial court's division of the marital property was inequitable. He contends the marital estate had a total value of $215,725, yet he was awarded assets worth only $64,518, while Wife received assets worth $151, 207. He contends the inequitable division was the result of three erroneous findings. One, the trial court erred by classifying the parties' new Ridge Crest property, with a net value of $99,000, as Wife's separate property. Two, it erred by assessing too low a net value to the brand new Nissan Murano awarded to Wife. Three, it erred by assessing too high a value to the Porsche awarded to Husband.

### STANDARD OF REVIEW

The division of the parties' marital estate begins with the classification of the property as separate or marital property. *Miller v. Miller*, 81 S.W.3d 771, 775 (Tenn. Ct. App. 2001). Tennessee is a "dual property" state, *Smith v. Smith*, 93 S.W.3d 871, 875-76 (Tenn. Ct. App. 2002), thus, it cannot be included in the marital estate unless it is "marital property." The definition of that term is found in Tenn. Code Ann. § 36-4-121(b)(1)(A). "Separate property," as that term is defined in Tenn. Code Ann. § 36-4-121(b)(2), is not marital property. Therefore, separate property should not be included in the marital estate. *Woods v. Woods*, No. M2002-01736-COA-R3-CV, 2005 WL 1651787, at *3 (Tenn. Ct. App. July 12, 2005). Property classification is a question of fact. *Mitts v. Mitts*, 39 S.W.3d 142, 144-45 (Tenn. Ct. App. 2000). Thus, we review the trial court's classification using the familiar standard of review in Tenn. R. App. P. 13(d).

Once property has been classified as marital property, the court should place a reasonable value on property that is subject to division. *Edmisten v. Edmisten*, No. M2001-00081-COA-R3-CV, 2003 WL 21077990, at *11 (Tenn. Ct. App. May 13, 2003). The parties have the burden to provide competent valuation evidence. *Kinard v. Kinard*, 986 S.W.2d 220, 231 (Tenn. Ct. App. 1998). When valuation evidence is conflicting, the court may place a value on the property that is within the range of the values presented. *Watters v. Watters*, 959 S.W.2d 585, 589 (Tenn. Ct. App. 1997). Decisions regarding the value of marital property are questions of fact, *Kinard*, 986 S.W.2d at 231; thus, they are not second-guessed on appeal unless they are not supported by a preponderance of the evidence. *Smith*, 93 S.W.3d at 875.

Once the marital property has been valued, the trial court is to divide the marital property in an equitable manner. Tenn. Code Ann. § 36-4-121(a)(1); *Miller*, 81 S.W.3d at 775. A division of marital property in an equitable manner does not require that the property be divided equally. *Robertson v. Robertson*, 76 S.W.3d 337, 341 (Tenn. 2002). Dividing a marital estate is not a mechanical process but rather is guided by considering the factors in Tenn. Code Ann. § 36-4-121(c). *Kinard*, 986 S.W.2d at 230. Trial courts have wide latitude in fashioning an equitable division of marital property, *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn. 1983) and this court accords great weight to the trial court's division of marital property. *Wilson v. Moore*, 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996). Thus, we defer to the trial court's division of the marital estate unless it is

inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence. *Brown v. Brown*, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994).

## CLASSIFICATION OF ASSETS

The most economically significant issue Husband raises on appeal is the trial court's classification of the Ridge Crest property, with a net value of $99,000, as Wife's separate property. He contends it was marital property. Tenn. Code Ann. § 36-4-121(b) defines "marital property" as:

> all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing date.

> "Separate property" is defined as:

> (A) All real and personal property owned by a spouse before marriage . . .;
> (B) Property acquired in exchange for property acquired before the marriage;
> (C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1);
> (D) Property acquired by a spouse at any time by gift, devise or descent. . . .

Tenn. Code Ann. § 36-4-121(b).

Early in the hearing, the trial court classified the Ridge Crest property as marital property and further stated that "he'll get a share."[5] However, later in the same hearing the trial court classified the Ridge Crest property as Wife's separate property. In finding that the Ridge Crest property was Wife's separate property, the trial court seemed to place great emphasis on the stage of the house at the time the parties filed for divorce in October of 2003, by emphasizing that the house was only in the framing stages, and the degree of Husband's participation, or lack thereof, in the construction of the couple's new residence. We believe the trial court's conclusion is erroneous for four reasons.

First, the Ridge Crest property does not fall within the statutory criteria of "separate property" as defined in Tenn. Code Ann. § 36-4-121(b). Wife did not own the Ridge Crest property prior to

---

[5]While Husband was on the witness stand, his counsel was directing a line of questions to Husband to establish the degree of Husband's participation in the purchase of the Ridge Crest lot, the construction loan, and the design and construction of the parties' residence, at which time the trial court stated, "What does that have to do with the price of eggs? I mean, it's marital property." Following a reply by Husband's counsel, the trial court added, "Well, they were married. As long as he contributed some effort to the marriage, then he'll get a share. I mean, if he did stay home and stay in bed, then that might be another question."

the marriage. She did not acquire the Ridge Crest property in exchange for property she owned prior to the marriage. And, she did not acquire the Ridge Crest property by "gift, devise, or descent."

Second, Tenn. Code. Ann. § 36-4-121(b) does not require a minimum contribution by a spouse for an asset to be deemed marital property. The trial court stressed the fact that Wife supervised the completion of the house without any help from Husband, that Husband had nothing to do with this home, and it was as if the parties treated the Ridge Crest property as Wife's separate property. Such action or inaction by a spouse is insufficient to deprive a spouse of a marital asset or to justify a finding that an asset acquired during the marriage is separate property. To the contrary, Tenn. Code. Ann. § 36-4-121(b) "does not require any contribution by the spouse, merely that the property be acquired during the marriage." *Powell v. Powell*, 124 S.W.3d 100, 106 (Tenn. Ct. App. 2003).

Third, the evidence preponderates against the trial court's finding Husband had nothing to do with the construction of the Ridge Crest residence. The record reveals the parties purchased the lot on Ridge Crest while married, they commenced construction of the house while married, they titled the lot in Husband's name, and obtained the construction loan in both names. The record also shows that the parties jointly selected improvements to the residence, such as paint colors and light fixtures, and Husband worked to clear the lot and vacuum rain water from the house after torrential rains flooded the property. Thus, the evidence preponderates against the trial court's finding that Husband had little to do with the Ridge Crest property.

Fourth, the trial court's emphasis on the stage of the construction of the Ridge Crest property when the divorce petitions were filed is misplaced. Though the nature, extent and value of assets at the filing of the divorce petitions is relevant for other reasons, the condition of the property on that date, without more, is inadequate to convert a marital asset to separate property. Moreover, Tenn. Code. Ann. § 36-4-121(b), which defines marital property, refers to the "date of the final divorce hearing", not the date the parties filed for divorce.

We therefore reverse the trial court's finding that the Ridge Crest Property was Wife's separate property. Therefore, on remand the Ridge Crest property shall be classified as marital property and the equity of that property, valued at $99,000, shall be added to the marital estate and taken into consideration for the equitable division of the marital estate.

## VALUATION OF MARITAL PROPERTY

Husband also challenges the values the trial court assigned to two vehicles; the 2004 Nissan Murano, awarded to Wife, and the 1967 Porsche, awarded to Husband.

The values the trial court assigned to marital property are findings of fact. *Kinard*, 986 S.W.2d at 231. We will not disturb these findings unless the evidence at trial preponderates against the findings of the trial court. *Smith*, 93 S.W.3d at 875.

The trial court stated "[i]t looks like the cars are about the same. He has about $9,200 worth of car, and she has a little bit more, that she took out a loan to pay - - really, she has about $10,000 in the car of profit. So it's just about the same." We have determined the evidence preponderates against both findings.

The trial court assigned a value of $8,000 to the inoperable, to-be-restored 1967 Porsche. The only evidence in the record supporting a value of $8,000 came from Wife who attributed the value to a statement made by Husband. He previously told her the Porsche would be worth $8,000 once it was restored; however, the vehicle had not been restored, and it was not operable. The only evidence in the record regarding the value of the Porsche in its condition at the time of trial was that it was worth $4,200. Thus, the evidence in the record preponderates against the finding that the Porsche was worth $8,000.

The other vehicle at issue is the 2004 Nissan Murano. It was purchased by Wife one month prior to the divorce hearing to replace a 1999 Mazda Millennia which was totaled in a wreck. It is undisputed the 1999 Mazda Millennia was marital property. The purchase price of the new vehicle was $31,500, of which Wife paid $18,000 down and borrowed the rest. However, determining the equity in the new vehicle was more complicated than first appears. This is due to the multiple sources of the funds Wife used to make the down payment. A portion of the funds, $8,000 of the $18,000 down payment, came from an account that was marital property. The balance of the down payment came from a $10,000 temporary loan, drawn down on the home equity line of credit. The trial court relied upon the foregoing evidence to determine the net equity in the new vehicle was substantially less than the $18,000 down payment. As the trial court stated, "she took out a loan to pay" for it so "she has about $10,000 in the car of profit." The difference would actually be $8,000, instead of $10,000, if the credit line loan of $10,000 was considered. Nevertheless, it is apparent the trial court estimated the value to be about $10,000 because it considered the funds drawn down on the credit line as an encumbrance on the value of the vehicle. The trial court, however, failed to recognize that a $10,000 check from the automobile insurance company was in the pipeline, payable to Wife for the value of the wrecked 1999 Mazda Millennia. The $10,000 insurance claim represented marital property. It was to be paid directly to Wife who, as she explained, planned to use it to pay off the temporary $10,000 credit line loan. Thus, the evidence preponderates in favor of a finding the net equity of the 2004 Nissan Murano awarded to Wife was $18,000.

## In Conclusion

For the foregoing reasons, we reverse the trial court's finding that the Ridge Crest Property was Wife's separate property, finding it to be marital property. We also modify the values attributed to the 1967 Porsche and the 1999 Mazda Millennia, both of which are marital property, as stated above. Though we would prefer to modify the division of the marital estate without remanding the issue, to save the trial court and the parties the time and expense of another hearing, we have concluded that the complexities of the marital estate make it necessary that we remand the issue of the division of the marital estate to the trial court.

-6-

We therefore remand this matter to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed against Appellee, Jennifer Dawn Clark.

_____
FRANK G. CLEMENT, JR., JUDGE