IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 3, 2019

FILED
07/30/2020
Clerk of the
Appellate Courts

## LESLIE ALLISON MUSE v. ROBERT L JOLLEY, JR.

**Appeal from the Chancery Court for Knox County**
No. 178069-3        Telford E. Forgety, Jr., Chancellor

——————————————————

**No. E2017-01122-COA-R3-CV**

——————————————————

In this divorce proceeding, the wife appeals the trial court's division of the marital estate and the amount of income set for the husband in determining his child support obligation. We find no reversible error in the court's division of the marital assets and debts and the amount of Husband's monthly income it set for the purpose of calculating child support; accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J. joined.

Leslie Allison Muse, Knoxville, Tennessee, Pro Se.

Robert Louis Jolley, Jr., Knoxville, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

        Leslie Muse ("Wife") and Robert Jolley ("Husband") were married in 1996 and had three children. Divorce proceedings were initiated in 2010, and on July 15, 2015, the Knox County Chancery Court entered a final decree awarding Wife a divorce on the grounds of inappropriate marital conduct.  Pertinent to the issues raised in this appeal, the trial court

---

[1] Rule 10 of the Rules of the Court of Appeals states:

        This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

classified and divided the marital estate and debts, found that Husband earned $10,000 per month, and ordered him to pay child support of $911 per month. Wife's motion to amend the findings of fact and conclusions of law and to alter the judgment was denied, and she appeals, articulating three issues:

1. Whether the trial court erred in calculating the division of marital property and debt where it created a balance sheet to assist in the computations but made a mathematical error (ie - $410,000 + $76,500 + $111,000 = $674,000 [sic]) which resulted in a 73%-27% division rather than the intended 50%-50%?

2. Whether the trial court erred in setting or capping [Husband]'s income at $10,000/ month for child support purposes where [Husband] is a self-employed attorney and where his documented income averaged over the previous three (3) years significantly exceeded $10,000/ month?

3. Whether the [Wife] is entitled to reimbursement for fees and costs on appeal, including but not limited to the cost of the trial transcript, where the full record and trial transcript were not necessary to resolution of a mathematical error?

## A. The Division of the Marital Estate

Neither party takes issue with the court's classification of property or valuation of the marital estate. Wife contends that the division of the marital estate was inequitable due to a math error on the part of the court.

In *Luplow v. Luplow*, this Court observed:

Trial courts have wide latitude in fashioning an equitable division of marital property, *Fisher v. Fisher,* 648 S.W.2d 244, 246 (Tenn. 1983), and this court accords great weight to the trial court's division of marital property. *Wilson v. Moore,* 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996). Thus, we defer to the trial court's division of the marital estate unless it is inconsistent with the factors at Tenn. Code Ann. § 36–4–121(c) or is not supported by a preponderance of the evidence. *Brown v. Brown,* 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994).

450 S.W.3d 105, 110 (Tenn. Ct. App. 2014). "[C]ourts generally judge the fairness of a property division by its final results." *Thompson v. Thompson,* 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990). "A division of marital property in an equitable manner does not require that the property be divided equally." *Luplow,* 450 S.W.3d at 109–10.

In its oral ruling, a transcript of which was incorporated into the final decree, the court stated:

> The only asset that they have with any significant value to it -- and I'm not talking about a net financial worth of the parties here -- but they do have a house, which the Court finds the value of is about $510,000.
>
> They have mortgages on -- a mortgage and a home equity line of credit on the house of approximately $410,000. . . .
>
> . . .[T]he parties just have vast amounts of other debt. Credit card and line of credit debt, if the Court's math is correct, the credit card and line of credit debt, Exhibit 77 in the record, total of about $153,000.
>
> ***
>
> Next, during the course of this litigation the husband has borrowed $111,000 from his mother to pay his income taxes for the year 2012 and 2013, owes that back to her, no question about it.
>
> ***
>
> Beyond that the wife withdrew at least $33,500 from her retirement account, in violation, by the way, of the automatic injunction here.
>
> ***
>
> The wife's Vanguard account, what there is left of it -- and there's not much -- but what there is left of it, the wife's Vanguard account will be awarded to her.

The final decree included the following provision:

> 20. That the Husband throughout these proceedings shouldered the substantial load of the parties' marital debt. The Husband made a claim during the course of these proceedings, and at trial, for reimbursement for amounts he paid towards the mortgage on the marital home, HELOC, private school tuition and KUB utilities, which were otherwise the responsibility of the Wife as previously ordered by the court. The Wife made a claim against the Husband for one-half (1/2) of unpaid medical expenses with regard to the minor children. After taking all of this into consideration, the court finds appropriate that the amount due from the Wife to the Husband is $112,700.00; however, the Court also finds it appropriate to award to the Wife as a "set-off" the sum of $68,950.00, which set-off the court characterizes as alimony [in] solido. The Husband is not ordered to pay that

amount but it is simply a set off to the amounts that the Wife would otherwise owe the Husband. The Court additionally, awards a judgment against the Wife, Leslie A. Muse and in favor of the Husband, Robert L. Jolley, Jr. for the balance of same in the amount of $43,750.00. For which execution may issue.

We first address Wife's concern that, when explaining in its oral ruling the resolution of each party's claim for reimbursement of amounts which had been paid on behalf of the other party during the pendency of the divorce, the court referenced its "calculation sheets"; it is in these sheets where Wife asserts that the court made a mathematical error, resulting in an inequitable division. Wife raised a similar concern in her motion to alter or amend.[2] In his response to this argument, Husband argues that "by failing to take advantage of the opportunity to call the court's attention to any calculations about which she had concerns before entrance of the final judgment," Wife has waived this issue. Husband's argument is not well taken, inasmuch as Wife raised this concern in the motion to alter or amend.

At the outset of our discussion of the division of marital property, we note that much of Wife's argument that the court erred in the marital property division is based on the statement made by the court in the course of its oral ruling that "I'm going to try to get you . . . both to the point that you are as equal financially going out of this marriage as I can make you." To the extent Wife contends that the court was bound either by the facts or the law to make a 50/50 division of the marital estate, she is mistaken. The trial court is to divide the marital property in an equitable manner. Tenn. Code Ann. § 36-4-121(a)(1); *Miller v. Miller*, 81 S.W.3d 771, 775 (Tenn. Ct. App. 2001). "A division of marital property in an equitable manner does not require that the property be divided equally." *Luplow*, 450 S.W.3d at 109–10.

---

[2] In that motion, Wife stated:

> [Wife] also requests this Court to alter his findings due to potential mathematical errors and/or oversights. As previously noted, it remains unclear to [Wife] how the Court derived many of the figures utilized, and the explanation is not present in the transcript of proceedings. It appears to the [Wife] that the computation of the net amount claimed for reimbursement (potentially $167,000) by [Husband] may have been erroneously calculated. Further, there is an amount listed in the Court's notes - $111,000, and [Wife] has absolutely no idea what this represents. [Wife] is also uncertain of the purported "balance" sheet calculations, and such calculations failed to consider other assets of [Husband]. Accordingly, [Wife] requests amendment of the findings, or in the alternative, for further clarification for appellate purposes.

In making this argument in the trial court and on appeal, Wife made reference to a sheet of handwritten figures prepared by the court, copy of which was given to each party; while the sheet does reflect a mathematical error in the calculation of Husband's liabilities, it was not made part of the court's order. In any event, the error is not pertinent to our resolution of this appeal.

The parties agreed to a division of their household and office furnishings.[3] With respect to the remaining assets and debts, the court awarded Husband the marital home, which the court valued at $510,000, and a vehicle, valued at $8,000. Husband was given the mortgage and home equity line of credit, totaling $410,000, a debt of $111,000 for money the parties borrowed from his mother to pay their 2012 and 2013 income taxes, and debt of $76,500 arising from various credit cards and a line of credit. In sum, Husband received $518,000 in marital assets and debts totaling $597,500. The court awarded Wife a $6,000 vehicle and the remaining funds in her Vanguard account.[4] The court also allocated to Wife $76,500 in debts arising from various credit cards and a line of credit.

We have given careful consideration to Wife's argument regarding the division of property, in which she posits that the $43,750 judgment granted Husband against her was the court's attempt to settle the difference in the division of the marital property and debts so that a 50-50 division was achieved. The figures in Paragraph 20 of the final decree make clear that the court arrived at the $43,750 figure when reconciling amounts spent by the parties during the pendency of the divorce. The oral ruling and the final decree show that the court took Wife's share of the mortgage, HELOC, school tuition, and utilities, which had been paid by Husband during the pendency of the divorce and which totaled $112,700.00, and reduced that amount by $68,950.00, which was the amount Wife sought from Husband for his portion of the children's medical expenses that she had paid during the same time period; the balance was $43,750, for which the court award husband a judgment. The trial court characterized the $68,950.00 reduction as a "set off" and alimony *in solido* to Wife.

In its oral ruling and the final decree, the trial court adequately explained its classification, valuation, and division of the marital estate. Wife does not cite to evidence in the record that preponderates against any of the trial court's findings and does not argue that the trial court's division was the result of an error of law or a misapplication of statutory requirements. From our review of the record, the parties were largely in agreement as to the classification, valuation, and division of most of the marital property. The court's valuation and division of the remaining assets and debts resulted in Husband receiving $518,000 in marital assets and marital debts totaling $597,500 while Wife received a $6,000 vehicle, the remaining funds in her Vanguard account, and marital debts of $76,500. As noted earlier, marital property and debts are to be divided in an equitable manner. After our review of the evidence, the court's division of the parties' assets and debts was consistent with the nature of the assets and debts and the factors at Tennessee

---

[3] The parties do not reference the value of these assets in their briefs on appeal; consequently, we do not consider them in our resolution of the appeal.

[4] The amount in the account at the time the order was entered is not apparent from the record. The trial court held Wife in contempt for her withdrawal of $33,500 from that account during the pendency of the divorce in violation of the automatic injunction, but the order does not indicate that she was penalized for this contempt.

5

Code Annotated section 36-4-121(c); we do not conclude that the division was inequitable.

## B. Husband's Income for Purposes of Child Support

The trial court designated Wife as primary residential parent and set parenting time, with her receiving 266 days and Husband receiving 99. For child support purposes, the court found that Husband's monthly gross income was $10,000 and Wife's was $8,500, and set Husband's child support obligation at $911 per month. Wife appeals the court's finding that Husband's income is $10,000 per month, arguing that "there is no evidence supporting the finding."

We review the court's factual determinations in accordance with Tennessee Rule of Appellate Procedure 13(d). "Because child support decisions retain an element of discretion, we review them using the deferential 'abuse of discretion' standard." *Richardson v. Spanos,* 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005).

A summary of Husband's income from 2004 to 2015, prepared by Wife from Husband's tax returns and QuickBooks summaries, was entered at trial and reflected annual net incomes ranging from $88,418 to $220,620. In the course of discussing alimony and the parties' earning capacity in its oral ruling, the court found Husband's earning capacity to be "roughly equal" to Wife's and stated, "[I]f you take those same years, '05, '06, '07, and average the husband's income, it's about $127,000," which would average to roughly $10,600 per month. Husband's 2014 Profit and Loss Statement was also made an exhibit and reflected profits from Husband's law practice to be $116,636.41, which would average to a monthly income of $9,719.70. Given Husband's self-employment and the variable amount of earnings over the years, the evidence cited by Wife does not preponderate against the trial court's finding that Husband's monthly gross income was $10,000, an amount that was within the average of his annual income for several years; the court did not abuse its discretion in so holding.

Wife also argues that Husband impermissibly "asked the trial court to 'cap' his income at $10,000 per month, and the trial court appears to have done so." We do not find support in the record for this contention. The transcript shows that, during closing argument, Husband's attorney was engaged in a discussion regarding the child support regulations and the court, Husband's attorney, and Wife engaged in a colloquy about the child support worksheets each party had prepared.[5] The participants in the discussion

---

[5] Tennessee Code Annotated 36-5-101(e)(1)(B) provides that "if the net income of the obligor exceeds ten thousand dollars ($10,000) per month, then the custodial parent must prove, by a preponderance of the evidence, that child support in excess of the amount provided for in the child support guidelines is reasonably necessary to provide for the needs of the minor child or children of the parties." The applicable child support guideline provides:

When the presumptive child support order exceeds the amount found by multiplying a net

6

acknowledged that the $10,000 threshold would trigger an additional inquiry if the party seeking support wished to exceed the amount of support established by the guidelines; at no point did Husband's counsel ask the court to "cap" his income at $10,000, and, as noted previously, there was evidentiary support for the court's determination of Husband's income. Wife's argument in this regard is without merit.

### C. Costs on Appeal

Wife seeks an award of costs and expenses incurred in this appeal in accordance with Rule 40(c) of the Rules of Appellate Procedure. Upon consideration of her argument and in our discretion, we respectfully decline to award them to her.

For the foregoing reasons, we affirm the judgment of the trial court.

_____
RICHARD H. DINKINS, JUDGE

---

income of ten thousand dollars ($10,000) by the percentages set out below, pursuant to Tennessee Code Annotated § 36-5-101(e)(1)(B), a PRP seeking support in excess of the amount provided by the applicable percentage must prove by a preponderance of the evidence that more than this amount is reasonably necessary to provide for the needs of the child.
     The percentages are:
     . . . (iii) Three children = Forty-one percent (41%), [or four thousand one hundred dollars ($4100)];

Tenn. Comp. R. & Regs. 1240-02-04-.07(g)(1).